RYAN CHARLES WEAVER,

                Plaintiff,

v.                                          Case No. 24-cv-428-pp

WISCONSIN DEPARTMENT
OF CORRECTIONS, *et al.*,

                Defendants.

# ORDER GRANTING PLAINTIFF'S REQUEST TO REOPEN CASE (DKT. NO. 12), VACATING JUDGMENT (DKT. NO. 11), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

On June 28, 2024, the court dismissed this case because the plaintiff did not pay the initial filing fee. Dkt. No. 10. On July 23, 2024, the plaintiff filed a letter asking the court to reopen the case and asking for the initial partial filing fee to be deducted from his release account. Dkt. No. 12. On August 15, 2024, the court granted the plaintiff's request to pay the $18 initial partial filing fee from his release account and ordered him to pay that fee by September 20, 2024, or this case would remain closed. Dkt. No. 13. On September 17, 2024, the court received the $18 initial partial filing fee. The court will grant the plaintiff's request to reopen the case, dkt. no. 12, and will vacate the judgment, dkt. no. 11. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

As explained above, the court ordered the plaintiff to pay an initial partial filing fee of $18. Dkt. No. 5. The court received that fee on September 17, 2024. The court has reconsidered its previous order denying the plaintiff's motion for leave to proceed without prepaying the filing fee and grants that motion. Dkt. No. 2. The court will require the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The complaint names as defendants Green Bay Correctional Institution, where the plaintiff is incarcerated; "HSU and PSU staff"; Inmate Complaint Examiners; "[Green Bay] Social Workers"; and twelve individuals listed on page 2 of the complaint. Dkt. No. 1 at 1–2. These individuals include doctors, the current and previous wardens of Green Bay, registered nurses, a psychologist, social workers and others whose positions are not identified. Id. at 2.

The plaintiff alleges that the Wisconsin Department of Corrections (WDOC) "and its employees violated [his] eighth amendment rights and [his] rights" under the Americans with Disabilities Act (ADA). Id. at 3. He says that he suffers from opioid use disorder, so he is "protected under" the ADA. Id. He alleges that he has "asked and been denied by the defendants" medically assisted treatment for his opioid use disorder. Id. at 4. The plaintiff says that "currently the only treatment options available do not include suboxone or methadone." Id.

The plaintiff seeks an injunction requiring the institution to provide access to suboxone, methadone or a generic equivalent "for individuals incarcerated in the WDOC who suffer from Opioid Use Disorder . . . [a]nd not only for those soon to be released." Id. at 5. He also seeks the creation of "programs to educate staff about addiction to lessen the stigma and help them understand addiction is a disease." Id. He asks the court to award him costs for bringing this case and "funding" for his "friends who are addicts [to have] a real chance to stabilize on these medicines." Id. He suggests that this money

"could come from the Purdue Pharma/Sackler family settlement and compensation fund." Id.

C. Analysis

The plaintiff alleges that the defendants at Green Bay have denied him adequate medical treatment for his opioid use disorder. If asserted against responsible defendants, these allegations could state a claim under the Eighth Amendment. See Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014)) (noting that the Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain,' including . . . grossly inadequate medical care").

The problem with the complaint is that it does not say who is liable to the plaintiff for denying him adequate care. He names Green Bay Correctional Institution as a defendant. But Green Bay is a prison, and lawsuits under §1983 may be brought only against a "person" who has violated the plaintiff's rights. The plaintiff broadly lists "HSU and PSU staff," "Inmate Complaint Examiners" and "[Green Bay] Social Workers" as defendants. But it is not enough to say that an unspecified group of unidentified persons collectively acted in the same way to violate the plaintiff's rights. See Henderson v. Wall, Case No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) (citing Twombly, 550 U.S. at 555; and Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013)) (affirming district court's dismissal of complaint that "ma[de] allegations about large, indeterminate groups of defendants"); Gray v. Weber, 244 F. App'x 753, 754 (8th

5

Cir. 2007) (affirming dismissal of §1983 complaint against defendants identified "only collectively as 'medical staff'").

The plaintiff lists twelve individuals who he says violated his rights. But he does not refer to any of these individuals in the body of his complaint or explain what any individual did to him. Instead he refers to the defendants only collectively as "the defendants." Listing the names of potential defendants, without alleging what each one did to violate his rights, is not enough to allow the plaintiff to hold them liable under §1983. The plaintiff "must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right." Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). In other words, he must explain how *each* defendant "personally participated in or caused the unconstitutional actions." Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003). The complaint does not allege whether or how *any* of the named defendants—either the unidentified groups or the named individuals—personally denied the plaintiff adequate medical care, so it does not state a claim against any of them.

Because the complaint does not identify which defendants were responsible for violating his rights and does not explain how those persons specifically and personally violated his rights, the court will dismiss the complaint for failure to state a claim. But because the plaintiff may be able to state a claim if he can provide the court with additional details, the court will give him an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who, specifically, violated his constitutional rights—which person or persons?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the original complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. Instead he must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

Even if the plaintiff files an amended complaint that complies with the instructions in this order, he is not entitled to the relief he has asked for in this original complaint. The plaintiff has asked for injunctive relief providing access

7

Case 2:24-cv-00428-PP    Filed 10/11/24    Page 7 of 11    Document 14

to medications for all incarcerated individuals in the WDOC who suffer from opioid use disorder. But the plaintiff does not have standing to assert the rights of any person other than himself, and he may not seek relief on behalf of other people. See Lewis v. Casey, 518 U.S. 343, 349–50 (1996); Massey v. Helman, 196 F.3d 727, 739–40 (7th Cir. 1999). The plaintiff also seeks the development of programs to educate staff and "lessen the stigma" associated with opioid use disorder, as well as funding for others who struggle with opioid addiction. This broad injunctive relief is not available in cases brought under the PLRA. The plaintiff may seek monetary damages and limited injunctive relief based on the harm that he *personally* has suffered. See 18 U.S.C. §3626(a)(2); Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). The court also does not have the authority to direct funding from settlements in other cases to the plaintiff or his suggested programs. The court advises the plaintiff to carefully review this order, identify appropriate defendants who personally violated his rights and limit his request for relief to the relief that is available under the PLRA.

### III. Conclusion

The court **GRANTS** the plaintiff's request to reopen this case. Dkt. No. 12.

The court **ORDERS** that the judgment is **VACATED** (Dkt. No. 11).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **November 15, 2024**. If the court receives the amended complaint by the end of the day on November 15, 2024, the court will screen it as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint that complies with the instructions in this order by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$332** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons.

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 11th day of October, 2024.

BY THE COURT:

_____
HON. PAMELA PEPPER
Chief United States District Judge